UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BYRON DOUGLAS LECOMTE,<br><br>                    Plaintiff,<br><br>v.<br><br>DAWN MARIE LECOMTE AND<br>WADE LEROUX,<br><br>                    Defendants. | Case No. 1:20-CV-014-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it motions to dismiss filed by the two defendants. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant both motions.

## ANALYSIS

Plaintiff has brought this action against his former wife and her alleged lover under various tort theories of recovery. His basic claim is that the defendants committed fraud in inducing him to enter into a separation agreement that was later approved by a Washington State court in their divorce proceedings. He explains his claim in his briefing: "[The defendants'] fraud and their duress-producing statements and conduct were designed to induce and did in fact induce plaintiff to

not get an attorney to advise him on the legal import and ramifications of the [Washington State] separation agreement and the State of [Washington] divorce law." *See Brief (Dkt. No. )* at p. 14.

Defendants have moved to dismiss this claim on the ground that the Washington State court considered and rejected the same fraud claims in approving the separation agreement. The plaintiff himself agrees that he presented this claim to the Washington court:

> Plaintiff tried to have the [Washington] separation set aside based on fraud in the inducement. [Defendant] Dawn [LeComte] lied again. She in essence admitted she had lulled, cajoled and misled [plaintiff] into signing the agreement, promising to stay with him and then leaving, but said she did so because she was afraid of him and trying to placate him, falsely accusing [plaintiff] of domestic physical, emotional, or verbal abuse. All of these charges were absolutely false with no evidence to support them. But her allegations were enough to induce the [Washington] Court to uphold the agreement.

*See Complaint (Dkt. No. 1)* at ¶ 35. These allegations of fraud and lying that were rejected by the Washington court are precisely the same claims brought here in this lawsuit. Consequently, the doctrine of res judicata bars this action regardless of whether the res judicata law of Idaho or Washington applies. *See Christensen v. Grant County Hosp.,* 96 P.3d 957 (Wash.Sup.Ct. 2004)(en banc); *Ticor Title Co. v. Stanion,* 157 P.3d 613 (Id.Sup.Ct. 2007).

Moreover, the *Rooker-Feldman* doctrine prevents federal courts from second-guessing state court decisions by barring lower federal from hearing *de*

*facto* appeals from state-court judgments.  *Bianchi v. Rylaarsdam,* 334 F.3d 895 (9th Cir. 2003).  Plaintiff is essentially appealing the Washington court's ruling to this Court, triggering the *Rooker-Feldman* doctrine and requiring dismissal of this action.

Because all of plaintiff's claims hinge on the fraud claim rejected by the Washington state court, this entire lawsuit must be dismissed.  The Court will accordingly grant the motions to dismiss filed by defendants and will enter a separate Judgment as required by Rule 58(a).

### ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (docket nos. 12 & 13) are GRANTED and this action is dismissed.

IT IS FURTHER ORDERED, that the Clerk shall close this case.

DATED: September 4, 2020

B. Lynn Winmill
U.S. District Court Judge